UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DERON LAMAR FOSTER,

    Movant,

v.                                                        Case No. 8:23-cv-2846-WFJ-AEP
                                                       Crim. Case No. 8:21-cr-256-WFJ-AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Deron Lamar Foster moves to vacate his conviction and sentence under 28 U.S.C. § 2255. (cv Doc. 1). The sole argument in Mr. Foster's motion is that his conviction for possession of a firearm by a convicted felon violates the Second Amendment under the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (*Id.* at 3). Upon careful review, the motion is **DENIED**. *See* Rule 4(b), Rules Governing Section 2255 Cases ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

Mr. Foster pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (cr Docs. 54, 62). The plea agreement reflected that, "[o]n the dates that [he] possessed the firearm, [Mr. Foster] knew he had been convicted of" the following offenses: delivery of cocaine, aggravated assault with a deadly weapon,

and felony child abuse. (cr Doc. 54 at 20). On December 6, 2022, the Court sentenced Mr. Foster to 120 months' imprisonment, followed by three years of supervised release. (cr Doc. 75). Mr. Foster did not appeal.

In his motion to vacate, Mr. Foster argues that "his Second Amendment rights were violated because [§] 922(g)(1) is unconstitutional in the wake of *Bruen*." (cv Doc. 1 at 3). He therefore requests that the Court "vacate his conviction and sentence" and order his "immediate release from the Bureau of Federal Prisons." (*Id.* at 12).

Mr. Foster's argument lacks merit. Courts in this district have consistently held that § 922(g)(1) remains constitutional following *Bruen*. *See United States v. Ray*, No. 8:22-cr-185-SDM-TGW, 2023 WL 8543766, at *2 (M.D. Fla. Dec. 11, 2023) (holding that § 922(g)(1) "remains constitutional" after *Bruen*); *United States v. Staley*, No. 8:23-cr-228-CEH-JSS, 2023 WL 8520783, at *3 (M.D. Fla. Dec. 8, 2023) (same); *United States v. Smith*, No. 8:23-cr-199-TPB-AAS, 2023 WL 8234594, at *1-2 (M.D. Fla. Nov. 28, 2023) (same); *United States v. Beasley*, No. 8:23-CR-140-KKM-AAS, 2023 WL 7839581, at *1 (M.D. Fla. Nov. 16, 2023) (same); *United States v. Kirby*, No. 3:22-cr-26-TJC-LLL, 2023 WL 1781685, at *3 (M.D. Fla. Feb. 6, 2023) (same).

As these decisions persuasively explain, the Court remains bound by *United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010), which held that "statutory restrictions of firearm possession, such as § 922(g)(1), are a constitutional avenue to restrict the Second Amendment right of" convicted felons. In reaching that conclusion, *Rozier* relied heavily on *District of Columbia v. Heller*, in which the Supreme Court stated that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of

firearms by felons." 554 U.S. 570, 626 (2008). Because "*Bruen* did not express an opinion as to the constitutionality of felon-in-possession laws such as § 922(g)(1)," "*Rozier* remains binding precedent within the Eleventh Circuit on the constitutionality of the felon-in-possession statute." *Staley*, 2023 WL 8520783, at *3. "[E]very court within the Eleventh Circuit that has decided the issue" has agreed with this conclusion. *United States v. Vasquez*, No. 8:21-cr-0062-CEH-SPF, 2023 WL 4935936, at *4 (M.D. Fla. July 10, 2023) (collecting cases), *adopted by* 2023 WL 4931898 (M.D. Fla. Aug. 2, 2023).

Accordingly, *Rozier* remains the law of this circuit and squarely forecloses Mr. Foster's argument that his conviction under § 922(g)(1) violates the Second Amendment. For that reason, Mr. Foster's motion to vacate under § 2255 (cv Doc. 1) is **DENIED**. The Clerk is directed to enter judgment in favor of Respondent and against Mr. Foster and to **CLOSE** this case. Because Mr. Foster fails to make "a substantial showing of the denial of a constitutional right," a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. 28 U.S.C. § 2253(c)(2).

**DONE** and **ORDERED** in Tampa, Florida, on December 14, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE